**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | **CASE NO. 12-MD-02311**<br>**HON. SEAN F. COX** |
| In Re: AUTOMOTIVE HOSES CASES | |
| THIS RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | **2:15-cv-03201-SFC-RSW**<br>**2:16-cv-10001-SFC-RSW**<br>**2:18-cv-12711-SFC-RSW** |

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT
WITH SUMITOMO RIKO DEFENDANTS, PROVISIONAL CERTIFICATION
OF SUMITOMO RIKO SETTLEMENT CLASS, AND AUTHORIZATION TO
DISSEMINATE NOTICE TO THE DIRECT PURCHASER
TOYODA GOSEI AND SUMITOMO RIKO SETTLEMENT CLASSES**

Upon consideration of the Direct Purchaser Plaintiff's Motion for Preliminary Approval of

Proposed Settlement with the Sumitomo Riko Defendants, For Provisional Certification of

Sumitomo Riko Settlement Class, and for Authorization to Disseminate Notice of the Proposed

Sumitomo Riko and Toyoda Gosei Settlement Classes (the "Motion"), and supporting

memorandum (the "Notice Memorandum"), it is hereby ORDERED as follows:

1.      The Motion is hereby **GRANTED**.

2.      Terms used in this Order that are defined in the Sumitomo Riko Settlement

Agreement (the "Sumitomo Riko Settlement Agreement") are, unless otherwise defined herein,

used as defined in the Settlement Agreement.

<u>Preliminary Approval of Sumitomo Riko Settlement Agreement</u>

3.      The terms of the Sumitomo Riko Settlement Agreement are hereby preliminarily

approved as being fair, reasonable, and adequate to the Settlement Class, subject to a fairness

1

hearing. In preliminarily approving the Settlement Agreement, the Court makes the following findings:

    a. The proposed class representative and Settlement Class have adequately represented the Settlement Class;

    b. The Sumitomo Riko Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Sumitomo Riko Settlement Agreement should be given to members of the proposed Sumitomo Riko Settlement Class;

    c. The relief provided for the Sumitomo Riko Settlement Class is adequate; and

    d. The Settlement Agreement treats members of the Sumitomo Riko Settlement Class equitably to each other.

<u>Class Certification</u>

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met, and provisionally certified the following class for settlement purposes (the "Sumitomo Riko Settlement Class"):

> All individuals and entities who purchased Automotive Hoses in the United States directly from Defendants (or their subsidiaries or affiliates) from February 1, 2004 through November 1, 2018. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

5.    For purposes of the proposed Settlement Class definition, the following entities are Defendants: Sumitomo Riko Company Limited; Sumitomo Riko America, Inc.; SumiRiko

Tennessee, Inc.; Toyoda Gosei Co., Ltd.; Toyoda Gosei North America Corp.; and TG Missouri Corp.

6.      The Court finds that provisional certification of the Sumitomo Riko Settlement Class is warranted in light of the Settlement Agreement because: (a) Sumitomo Riko Settlement Class is so numerous that joinder is impracticable; (b) the Direct Purchaser Plaintiff Class Representative's claims present common issues and are typical of the Sumitomo Riko Settlement Class; (c) the Direct Purchaser Plaintiff Class Representative and Settlement Class Counsel (identified below) will fairly and adequately represent the Sumitomo Riko Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Sumitomo Riko Settlement Class. The Court further finds that the Direct Purchaser Plaintiff Class Representative's interests are aligned with the interests of all other members of the Sumitomo Riko Settlement Class. The Court also finds that settlement of this action on a class basis is superior to other means of resolving the matter.

Appointment of Class Representative and Settlement Class Counsel

7.      The Court hereby appoints VITEC, L.L.C. to serve as Class Representative for the Sumitomo Riko Settlement Class.

8.      The Court hereby appoints the law firms of Freed Kanner London & Millen LLC; Kohn Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman & Kodroff, P.C. to serve as Settlement Class Counsel for the Sumitomo Riko Settlement Class, having determined that the requirements of Rule 23(g) are fully satisfied by these appointments.

Notice to Potential Sumitomo Riko and Toyoda Gosei Settlement Class Members

9.      On November 1, 2018, Plaintiff reached a proposed settlement with the Toyoda Gosei Defendants.  On March 7, 2019, the Court entered an order preliminarily approving the

Toyoda Gosei settlement, and certifying the Toyoda Gosei Settlement Class. (2:16-cv-10001, ECF No. 29).

10.     The Sumitomo Riko and Toyoda Gosei Settlement Classes shall receive notice in accordance with the terms of this Order.

11.     The Court approves the form and content of: (a) the Notice of Proposed Settlements of Direct Purchaser Class Action with the Sumitomo Riko and Toyoda Gosei Defendants and Hearing on Settlement Approval and Related Matters (the "Notice"), attached as Exhibit 2 to the Notice Memorandum; (b) the Summary Notice of Proposed Settlements of Direct Purchaser Class Action with the Sumitomo Riko and Toyoda Gosei Defendants and Hearing on Settlement Approval and Related Matters (the "Summary Notice"), attached as Exhibit 3 to the Notice Memorandum; and (c) the Informational Press Release (the "Press Release"), attached as Exhibit 4 to the Notice Memorandum.

12.     The Court finds that the mailing of the Notice and publication of the Summary Notice and Press Release, in the manner set forth herein, constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

13.     On or before November 6, 2020, the Notice, in substantially the same form as Exhibit 2 to the Notice Memorandum, shall be mailed by first class mail, postage prepaid, to all potential members of the Sumitomo Riko and Toyoda Gosei Settlement Classes identified by Defendants. The Notice shall also be provided to all persons who request it in response to the Summary Notice or Press Release. In addition, a copy of the Notice shall be posted on the Internet at www.AutoPartsAntitrustLitigation.com, the website dedicated to this litigation.

4

14.     On or before November 16, 2020, Settlement Class Counsel shall cause the Summary Notice, in substantially the same form as Exhibit 3 to the Notice Memorandum, to be published in one edition of *Automotive News*. To supplement the notice program further, the Press Release will be issued nationwide via PR Newswire's "Auto Wire," which targets auto industry trade publications.

15.     On or before December 7, 2020, Settlement Class Counsel shall file with the Court their motion or motions for final approval of the proposed settlements with the Sumitomo Riko and Toyoda Gosei Defendants and an award of attorneys' fees and expenses.

16.     All requests for exclusion from any of the Sumitomo Riko and Toyoda Gosei Settlement Classes must be in writing, postmarked no later than January 6, 2021, and must otherwise comply with the requirements set forth in the Notice. Requests for exclusion must be sent to Settlement Class Counsel, counsel for Settling Defendants, and to an address specific to the Automotive Hoses Direct Purchaser Antitrust Litigation. The address for each recipient is listed in the Notice.

17.     Any objection by any member of the Sumitomo Riko or Toyoda Gosei Settlement Classes to either of those proposed settlements, or to the proposed plan of distribution, the request for attorneys' fees and expenses, or to an incentive payment to the Class Representative, must be in writing, must be filed with the Clerk of Court and postmarked no later than January 6, 2021, and must otherwise comply with the instructions set forth in the Notice.

18.     At least ten (10) days before the date fixed by this Court for the Fairness Hearing, Settlement Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing and posting of the Notice, and publication of the Summary

Notice and Press Release, were made, showing that mailing, posting and publication were made in accordance with the Notice Order.

19.     The Court will hold a Fairness Hearing on **February 11, 2021, at 2:00 p.m.,** at the Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, MI, 48226, Courtroom 817 (or such other courtroom as may be assigned for the hearing), to determine whether to approve: (1) the proposed Sumitomo Riko and Toyoda Gosei settlements; and (2) Settlement Class Counsel's request for an award of attorneys' fees and litigation costs and expenses, and a service award to the Class Representative. Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at this hearing. If the Court believes it is appropriate, the hearing may be conducted remotely by telephone or other electronic means. If the Court determines to hold the hearing remotely, Settlement Class Counsel shall post that information on the website devoted to the direct purchaser litigation and provide any class member that has informed the Court that it intends to participate the information required to remotely participate. The Fairness Hearing may be rescheduled, adjourned, or continued, and the courtroom assigned for the hearing may be changed, without further notice to the Settlement Classes.

20.     Any Settlement Class member who wishes to participate in the distribution of the settlement funds must submit a Claim Form in accordance with the instructions therein, postmarked on or before February 26, 2021.

21.     Any potential Settlement Class Member who requests exclusion from the Sumitomo Riko or Toyoda Gosei Settlement Class shall not be precluded, restricted, barred or limited in any way from participating in any future settlements relating to other Defendants in the Action.

Other Provisions

22.     In the event that the Sumitomo Riko Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Plaintiff, the Sumitomo Riko Defendants, and the members of the Sumitomo Riko Settlement Class.

23.     The Court's provisional certification of the Sumitomo Riko Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendants' motion, and no party may cite or refer to the Court's approval of the Sumitomo Riko Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

24.     The Court approves the escrow account referenced in the Sumitomo Riko Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF. Settlement Class Counsel are authorized to use funds from the QSF in accordance with the Sumitomo Riko Settlement Agreement, including to pay costs of notice, taxes, tax expenses, and settlement administration costs.

25.     The Direct Purchaser Class litigation against the Sumitomo Riko Defendants is stayed except to the extent necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: October 15, 2020

s/Sean F. Cox
Sean F. Cox
U. S. District Judge